**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Jose Martin Felix-Sobampo,<br><br>    Defendant. | No. CR-12-00123-PHX-NVW<br><br>**ORDER** |

  Before the court is Defendant Jose Martin Felix-Sobampo's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) in Light of Retroactive Effect of Amendment 782 (Doc. 43).

  Amendment 782 revised the Sentencing Guidelines' "Drug Quantity Table . . . and reduced by two levels the offense level applicable to many drug trafficking offenses." *United States v. Cano*, 1:02-cr-5050-AWI-1, 2015 U.S. Dist. LEXIS 57626, at *1 (E.D. Cal. May 1, 2015). The Amendment applies retroactively. *Id.* at *1-2. Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move the sentencing court to "reduce the term of imprisonment, after considering the factors set forth in" 18 U.S.C. § 3553(a). But defendants are not eligible for § 3582(c)(2) reductions if they were sentenced pursuant to a statutory mandatory minimum. *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam).

In this case, Felix-Sobampo pleaded guilty to one count of possessing 50 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(viii). (Doc. 37 at 1.) Conviction under that statute carries a mandatory minimum penalty of ten years in prison. 21 U.S.C. § 841(b)(1)(A). The Government stipulated in Felix-Sobampo's plea agreement that he would qualify for the 18 U.S.C. § 3553(f) safety valve if he participated in a pre-sentencing debriefing with the Government. (Doc. 38 at 3.) At sentencing, the court accepted the Government's view that Felix-Sobampo had not satisfied this condition of the plea agreement. (Doc. 44 at 2.) The court therefore found Felix-Sobampo ineligible for the safety valve and sentenced him to the statutory minimum of 120 months in prison. (*Id.*) Because this sentence was imposed pursuant to a statutory mandatory minimum, it is unaffected by subsequent amendments to the Sentencing Guidelines, including Amendment 782. *Paulk*, 569 F.3d at 1095.

IT IS THEREFORE ORDERED that Defendant Jose Martin Felix-Sobampo's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Retroactive Effect of Amendment 782 (Doc. 43) is denied.

Dated this 3rd day of June, 2015.

_____
Neil V. Wake
United States District Judge